**STATE of Indiana, Appellant–Plaintiff,**

**v.**

**Edward L. JOE, Appellee–Defendant.**

**No. 10A01–9706–CR–173.**

Court of Appeals of Indiana.

March 24, 1998.

Rehearing Denied May 1, 1998.

Transfer Denied July 8, 1998.

Jeffrey A. Modisett, Attorney General, Katherine L. Modesitt, Deputy Attorney General, Indianapolis, for Appellant–Plaintiff.

Michael J. McDaniel, New Albany, for Appellee–Defendant.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Plaintiff, State of Indiana ("State"), appeals the trial court's granting of the motion of Appellee–Defendant, Edward L. Joe ("Joe"), to suppress the evidence of a handgun seized from Joe's car.

### Issue

Restated, the dispositive issue is whether the search which uncovered the handgun was lawful as a limited *Terry*[1] search for weapons.

### Facts

The uncontradicted evidence reveals that two policemen were patrolling a neighborhood well known for drug trafficking and shootings. The police officers pulled a car over for speeding and for driving left of center. Three individuals were in the car and Joe was identified as the driver. When the police officer asked Joe if he would consent to a search, Joe began fidgeting with his hand between the console and the driver's seat of the car. The police officer ordered Joe to put his hands where they could be seen. Joe did not immediately comply and complied only after the police officer made repeated demands and had drawn his gun. The police officer testified that Joe's actions had frightened him. Consequently, the police officer removed Joe from the car and patted him down. On the floor board of the car, the police officer discovered a handgun. This handgun was confiscated and determined to have been stolen.

Joe was arrested and charged with Carrying a Handgun in a Vehicle Without a License within 1000 feet of a School, a class C felony,[2] and Theft—Receiving Stolen Property, a class D felony.[3] Joe filed the instant motion to suppress, arguing that the police had not lawfully obtained his consent to search the car. After an evidentiary hearing, the trial court granted Joe's motion. The State dismissed the charges against Joe without prejudice and initiated the present appeal under IND.CODE § 35–38–4–2(5) which authorizes the State to appeal a suppression order which effectively precludes prosecution.

### Discussion and Decision

*Standard of Review*

When reviewing a trial court's ruling on a motion to suppress, the appellate

---

1. *Terry v. Ohio*, 392 U.S. 1, 21–22, 88 S.Ct. 1868, 1879–81, 20 L.Ed.2d 889 (1968). The trial court found that Joe had not voluntarily consented to the search. Our resolution of the case under the *Terry* doctrine has obviated the need to address that issue.

2. IND.CODE §§ 35–47–2–1; 35–47–2–23(c)(1)(B).

3. IND.CODE § 35–43–4–2(b).

575

court will examine the evidence most favorable to the ruling, together with any uncontradicted evidence. *Lance v. State*, 425 N.E.2d 77, 78 (Ind.1981); *Thurman v. State*, 602 N.E.2d 548, 553 (Ind.Ct.App.1992), *trans. denied.* Whether a particular warrantless search and seizure violates the guarantees of the Fourth Amendment depends upon the facts and circumstances of each case. *Lance*, 425 N.E.2d at 78. The State bears the burden of proving that the warrantless seizure fell within an exception to the warrant requirement. *Id.* Where the trial court has found that the State has failed to meet this burden, the State appeals a negative judgment and will be reversed only where the uncontradicted evidence points unerringly to a conclusion opposite that reached by the trial court. *State v. Williams*, 615 N.E.2d 487, 488 (Ind.Ct.App.1993).

*Lawful Limited Terry Search for Weapons*

At the outset, we note that Joe has conceded that the police did not violate his rights by pulling him over for the traffic violations. *See State v. Hollins*, 672 N.E.2d 427, 430 (Ind.Ct.App.1996) (holding that police officers may stop a vehicle when they observe minor traffic violations), *trans. denied.* Thus, our analysis is conducted entirely within the context of a lawful traffic stop. *See Castle v. State*, 476 N.E.2d 522, 524 (Ind.Ct.App.1985) (noting that defendant did not contest the officer's right to stop him for a traffic violation).

Once a vehicle has been properly stopped for investigative purposes, an officer may conduct a search of the automobile's interior for weapons without first obtaining a search warrant if the officer reasonably believes that he or others may be in danger. *Gann v. State*, 521 N.E.2d 330, 333 (Ind. 1988); *Walker v. State*, 527 N.E.2d 706, 708 (Ind.1988), *cert. denied*, 493 U.S. 856, 110 S.Ct. 161, 107 L.Ed.2d 118; *Jackson v. State*, 588 N.E.2d 588, 590 (Ind.Ct.App.1992); *Castle*, 476 N.E.2d at 524. The test for determining the reasonableness of an initial stop and a subsequent limited search for weapons as enunciated in *Terry*, 392 U.S. at 21–22, 88 S.Ct. at 1879–81, is whether the facts available to the officer at the moment of the seizure or the search would warrant a person of reasonable caution in believing that the action taken was appropriate. *Collett v. State*, 167 Ind.App. 185, 338 N.E.2d 286, 290 (1975). The purpose of a limited search for weapons after an investigative stop is not to discover evidence of a crime, but to allow the officer to pursue his investigation without fear for his safety or the safety of others. *Id.*, 338 N.E.2d at 291. An officer may only conduct a limited search for weapons when he has a reasonable belief that the suspect is armed and dangerous. *Id.* at 290–91. The police officer need not be absolutely certain that the individual is armed. *Id.* The issue is whether a reasonably prudent person in the same circumstances would be warranted in the belief that his safety or that of another was in danger. *Id.* In determining whether the police officer acted reasonably under the circumstances, due weight must be given, not to the officer's inchoate and unparticularized suspicions, but to the specific reasonable inferences which the officer is entitled to draw from the facts in light of his experience. *Id.*

In the present case, the uncontradicted evidence reveals that the police officers were patrolling a neighborhood well known for drug trafficking and shootings. After stopping Joe for the traffic violations, Joe began fidgeting with his hand between the console and the driver's seat of the car. The police officer ordered Joe to put his hands where they could be seen. Joe did not immediately comply and complied only after the police officer made repeated demands and had drawn his gun. The police officer testified that Joe's actions had frightened him. The police officer then discovered the handgun after conducting a limited search for weapons.

The uncontradicted evidence points unerringly to the conclusion that Joe's actions gave rise to a reasonable belief that a limited search of the interior of the car for weapons was necessary to ensure the officers' safety. *See Castle*, 476 N.E.2d 522, 524 (limited search was justified where defendant refused to keep his hands on the dashboard as instructed and was 'fumbling with something' in his jacket). Accordingly, the gun was properly seized and is not subject to suppres-

sion. Therefore, we reverse and remand with instructions that the trial court deny Joe's motion to suppress.

Reversed.

NAJAM and HOFFMAN, JJ., concur.