Larry F. TRIGG, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A03–9909–CR–370.

Court of Appeals of Indiana.

March 14, 2000.

Mark Olivero, Swanson, Campbell & Olivero, Fort Wayne, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Sarah E. Scherrer, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

STATON, Judge

Larry F. Trigg appeals his conviction for possession of paraphernalia, a Class D felony.[1] Trigg raises two issues on appeal, which we restate as:

I. Whether the trial court erred by denying Trigg's motion to suppress evidence.

II. Whether the evidence was sufficient to support Trigg's conviction.

We affirm.

The facts most favorable to the verdict reveal that on July 13, 1998, Detective Stone of the Allen County Sheriff's Department and his partner observed a vehicle in which the occupants were not wearing their seatbelts and initiated a traffic stop. Detective Stone approached the passenger side of the vehicle, where Trigg was sitting. Trigg appeared nervous and "fidgeting down in his seat as if he may be attempting to hide something...." Record, 207. Detective Stone feared that Trigg was hiding a weapon and asked him to step out of the vehicle. As Trigg exited the vehicle, Detective Stone saw a glass tube with burnt residue on the end, which he recognized as a pipe used to smoke crack cocaine, lying on the seat of the car where Trigg had been sitting. After discovering the crack pipe, Detective Stone conducted a further search of the passenger compartment of the vehicle, and found another crack pipe stuffed inside the torn seat in which Trigg had been sitting. Both pipes had cocaine residue on them.

## I.

### Motion to Suppress

█ Trigg filed a motion to suppress the evidence of the crack pipes found in the car, which the trial court denied. Trigg contends this was error. Specifically, Trigg argues that police may not initiate a traffic stop to determine if the occupants are wearing seatbelts and, thus, evidence obtained as a result of such a stop must be suppressed. Trigg is incorrect. IND.CODE § 9–19–10–3 allows police to initiate a traffic stop based on noncompliance with seatbelt requirements. *Baldwin v. Reagan*, 715 N.E.2d 332, 340 (Ind.1999).

█ IC 9–19–10–3 provides: "[a] vehicle may be stopped to determine compliance with this chapter. However, a vehicle, the contents of a vehicle, the driver of the vehicle, or a passenger in a vehicle may not be inspected, searched, or detained solely because of a violation of this chapter." In *Baldwin*, our supreme court interpreted IC 9–19–10–3 to allow police to initiate a traffic stop based upon reasonable suspicion that the occupants in a vehicle are not wearing seatbelts. *Baldwin*, 715 N.E.2d at 337. In the instant case, Officer Stone clearly observed that neither Trigg nor the driver were wearing seatbelts before he initiated the traffic stop. Accordingly, the traffic stop was valid.

Trigg's argument with respect to the motion to suppress is limited to the validity of the initial stop. He does not independently address the validity of the subsequent searches and any argument on the issue is, therefore, waived. Nevertheless, we wish to clarify that IC 9–19–10–3 does not prohibit police from performing a limited weapons search for officer safety. A limited search for weapons after an investigative stop is not a search "solely because of a violation" of the seatbelt law. Rather, such a search is the result of actions or behavior on the part of the defendant after the initial stop that lead a police officer to fear for his safety. For this reason, a limited search for weapons does not raise concerns about pretextual stops, where police stop motorists under the guise of enforcing seatbelt laws when the police are actually seeking to search and detain motorists for other reasons. The impetus for a limited weapons search

---

1. IND.CODE § 35–48–4–8.3 (1998).

arises after the stop has been made, and the purpose for the search "is not to discover evidence of a crime, but to allow the officer to pursue his investigation without fear for his safety or the safety of others." *State v. Joe,* 693 N.E.2d 573, 575 (Ind.Ct. App.1998), *trans. denied.* Thus, IC 9–19–10–3 cannot reasonably be interpreted to prohibit police officers from conducting limited weapons searches to ensure their safety so long as circumstances exist over and above the seatbelt violation itself.

■ Accordingly, we turn to whether the limited weapons search at issue in this case was proper. Once a vehicle has been properly stopped for investigative purposes, an officer may conduct a search for weapons without obtaining a search warrant if the officer reasonably believes that he or others may be in danger. *Id.* The test for determining the reasonableness of the search as enunciated in *Terry v. Ohio,* 392 U.S. 1, 21–22, 88 S.Ct. 1868, 1879–81, 20 L.Ed.2d 889 (1968), is whether the facts available to the officer at the moment of the search would warrant a person of reasonable caution in believing that the action taken was appropriate. *Joe,* 693 N.E.2d at 575. An officer may only conduct a limited search for weapons when he has a reasonable belief that the suspect is armed and dangerous. *Id.* The police officer need not be absolutely certain that the individual is armed. *Id.* In determining whether the police officer acted reasonably under the circumstances, due weight must be given, not to the officer's inchoate and unparticularized suspicions, but to the specific reasonable inferences that the officer is entitled to draw from the facts in light of his experience. *Id.*

■ Here, the evidence reveals that as Officer Stone approached the passenger side of the vehicle, Trigg became very nervous and fidgeted in his seat as if trying to hide or retrieve something. Officer Stone testified that Trigg's actions and behavior as he approached the car caused him to believe Trigg was reaching for a weapon. The officer's belief, and therefore, his subsequent request that Trigg step out of the car so that he could perform a patdown search for weapons, were reasonable under the circumstances.

■ When Trigg exited the vehicle pursuant to the officer's valid request, Officer Stone saw a crack pipe lying on the seat Trigg had just vacated. Officer Stone was entitled to seize this object pursuant to the plain view exception to the warrant requirement. *See State v. Hollins,* 672 N.E.2d 427, 431–32 (Ind.Ct.App.1996) *trans. denied.* The trial court did not err by denying Trigg's motion to suppress evidence of the crack pipe.[2]

## II.

### *Sufficiency of the Evidence*

■ Trigg contends that the evidence was insufficient to support his conviction for possession of paraphernalia. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State,* 656 N.E.2d 816, 817 (Ind. 1995). We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* The conviction will be affirmed if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.*

■ A defendant commits the offense of possession of paraphernalia, a class D felony, when he knowingly and intentionally possesses an instrument he intends to use for introducing a controlled substance into his body, and he has a previous conviction for possession of paraphernalia. IC 35–48–4–8.3. Possession of paraphernalia may be actual or constructive. *Crabtree v. State,* 479 N.E.2d 70, 75

---

**2.** Because seizure of the initial pipe was proper and alone is sufficient to support Trigg's conviction, see discussion, part II, *infra,* we do not address the validity of Officer Stone's further search of the vehicle and ultimate discovery of the second crack pipe.

(Ind.Ct.App.1985). Circumstances that support an inference of intent to possess include proximity to contraband in plain view and furtive conduct. *Id.* Here, Trigg fidgeted in the seat as though trying to hide or retrieve something as Officer Stone approached the vehicle. The residue encrusted crack pipe was lying on the car seat where Trigg had been sitting immediately prior to exiting the car. This evidence was sufficient to support an inference that Trigg possessed the pipe with the intent to use it to smoke crack. The evidence was sufficient to support his conviction.

Affirmed.

BAKER, J., and SULLIVAN, J., concur.