STATE of Indiana, Appellant–Plaintiff,

v.

Darius DODSON, Appellee–Defendant.

No. 49A02–0002–CR–100.

Court of Appeals of Indiana.

Aug. 9, 2000.

Rehearing Denied Sept. 11, 2000.

Karen M. Freeman–Wilson, Attorney
General of Indiana, Timothy W. Beam,
Deputy Attorney General, Indianapolis,
Indiana, Attorneys for Appellant.

Steven J. Rubick, Poynter, Nelson & Rubick, Indianapolis, Indiana, Attorney for Appellee.

## OPINION

KIRSCH, Judge

The State appeals the trial court's order granting Darius Dodson's motion to suppress, contending that the trial court erred in determining that the State had failed to prove that the search of Dodson's car interior was legal and the results admissible.

We reverse.

## FACTS AND PROCEDURAL HISTORY

On September 27, 1999, at approximately 3:30 a.m., Officer Morton Gallagher of the Indianapolis Police Department was standing on the corner of Tenth and Arlington Streets when his attention was drawn to a vehicle that had its stereo playing loudly. Officer Gallagher saw the car pull into a closed gas station, park and turn off its lights. The driver of the vehicle, Dodson, stepped out of the car, urinated on the ground, and got back in his car.

Officer Gallagher drove over to the gas station and approached Dodson's vehicle. He asked Dodson what he was doing and Dodson replied that he was waiting for a friend. Officer Gallagher noticed Dodson's hands moving around in the vehicle to the right of Dodson's body and he asked Dodson to step outside the vehicle. Dodson nodded, but did not immediately comply with this request, and he continued to move his hands around inside the vehicle. Officer Gallagher again ordered Dodson out of the vehicle and grabbed the car door handle. At this point, Dodson got out of his car and in response to questioning by Officer Gallagher, explained that he had been looking for his cell phone charger.

When Dodson exited the vehicle, Officer Gallagher noticed that he was wearing an empty shoulder holster and had a pair of handcuffs dangling from his front pocket. Officer Gallagher patted Dodson down and asked him the location of his weapon. Dodson responded that he left his gun at home and explained that he was a Marion County Special Deputy. Officer Gallagher placed Dodson in handcuffs and conducted a search of his vehicle. Officer Gallagher found a handgun underneath the console of Dodson's vehicle to the right of the driver's seat. Officer Gallagher then confirmed that Dodson was not a Marion County Special Deputy.

Dodson was arrested and charged with impersonation of a public servant, a Class D felony,[1] and carrying a handgun without a license, a Class A misdemeanor.[2] The carrying a handgun without a license charge was subsequently enhanced to a Class C felony because Dodson had a prior felony conviction within fifteen years of this offense.[3]

On October 7, 1999, Dodson filed a motion to dismiss and a motion to suppress. After a hearing, the trial court granted the motion to suppress and denied the motion to dismiss. On November 12, 1999, the trial court granted the State's motion to dismiss the pending charges against Dodson. The State now appeals.

## DISCUSSION AND DECISION

In reviewing an appeal of the grant of a motion to suppress, we note that the State has the burden of demonstrating the constitutionality of its search. *State v. Ashley*, 661 N.E.2d 1208, 1211 (Ind.Ct. App.1995). Also, as this is an appeal of a negative ruling, we will reverse only when the evidence is without conflict and all reasonable inferences from the evidence lead to an opposite conclusion than that which was reached by the trial court. *Id.* "[W]e consider the evidence most favorable to the ruling and any uncontradicted

---

1. *See* IC 35-44-2-3.

2. *See* IC 35-47-2-1.

3. *See* IC 35-47-2-23(c).

evidence to the contrary to determine whether there is sufficient evidence to support the ruling." *Melton v. State*, 705 N.E.2d 564, 566 (Ind.Ct.App.1999). Furthermore, we will not reweigh the evidence or judge the credibility of the witnesses. *Ashley*, 661 N.E.2d at 1211.

The trial court found that the officer's stated suspicion for the stop, that Dodson violated the noise ordinance and committed public indecency, was pretextual, because the officer also testified that he suspected that Dodson was a drunk driver. Furthermore, the trial court concluded that Officer Gallagher had no reasonable suspicion to search Dodson's vehicle and as such, the search of an interior component of Dodson's automobile was illegal and unreasonable.

■■■ The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons ... against unreasonable search and seizures." U.S. CONST. amend. IV. "Generally, a search must be reasonable and conducted pursuant to a properly issued warrant. When a search is conducted without a warrant, the State bears the burden of proving the search was justified under one of the limited exceptions to the warrant requirement." *Webb v. State*, 714 N.E.2d 787, 788 (Ind.Ct.App.1999). One such exception is that a police officer can briefly detain a person for investigatory purposes even without probable cause, if the officer has a reasonable suspicion of criminal activity based on specific and articulable facts. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The requirement of reasonable suspicion is satisfied when the facts known to the officer, together with the reasonable inferences arising therefrom, would permit an ordinary prudent person to believe that criminal activity has or was about to occur. *Taylor v. State*, 639 N.E.2d 1052, 1054 (Ind.Ct.App.1994). It must be comprised of more than an officer's general "hunches" or unparticularized suspicions. *Webb*, 714 N.E.2d at 788 (citing *Terry*, 392 U.S.

at 27, 88 S.Ct. at 1868). Whether an investigatory stop is justified is determined on a case-by-case basis. *Myers v. State*, 714 N.E.2d 276, 284 (Ind.Ct.App.1999), *trans. denied*. The requirements of the Fourth Amendment are satisfied if the facts known to the officer at the moment of the stop are such that a person of reasonable caution would believe that the action taken was appropriate. *Id.* (citing *Terry*, 392 U.S. at 22, 88 S.Ct. at 1880).

■■■ When a vehicle has been properly stopped for investigative purposes, if the officer reasonably believes that he or others may be in danger, he may conduct a limited search of the automobile's interior for weapons without first obtaining a search warrant. *Trigg v. State*, 725 N.E.2d 446, 449 (Ind.Ct.App.2000); *State v. Joe*, 693 N.E.2d 573, 575 (Ind.Ct.App. 1998), *trans. denied*. *See also Michigan v. Long*, 463 U.S. 1032, 1049, 103 S.Ct. 3469, 3480, 77 L.Ed.2d 1201 (1983) ("the search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons.") (quoting *Terry*, 392 U.S. at 21, 88 S.Ct. at 1880). As one panel of this court explained,

> "The purpose of a limited search for weapons after an investigative stop is not to discover evidence of a crime, but to allow the officer to pursue his investigation without fear for his safety or the safety of others. An officer may only conduct a limited search for weapons when he has a reasonable belief that the suspect is armed and dangerous. The police officer need not be absolutely certain that the individual is armed. The issue is whether a reasonably prudent person in the same circumstances would be warranted in the belief that his safety

or that of another was in danger. In determining whether the police officer acted reasonably under the circumstances, due weight must be given, not to the officer's inchoate and unparticularized suspicions, but to the specific reasonable inferences which the officer is entitled to draw from the facts in light of his experience."

*Joe,* 693 N.E.2d at 575 (citations omitted).

In *State v. Joe,* 693 N.E.2d at 574–75, two policemen were patrolling a high crime neighborhood. The officers pulled a car over for speeding. When one officer asked Joe, the driver, if he would consent to a search of the car, Joe began moving his hands around between the seat and the center console. The officer ordered Joe to place his hands where the officer could see them, but Joe complied only after the officer made repeated demands and drew his gun. The officer removed Joe from the car and patted him down. On the floor of the car, the officer discovered a handgun. Joe filed a motion to suppress the handgun, claiming the police had performed an illegal search.

In holding that the search was proper, we found that the evidence gave rise to a reasonable belief that a limited search of the car's interior was necessary to ensure the officers' safety. We noted that Joe was fidgeting with his hand between the seat and center console, and that Joe did not immediately comply with the officer's request. Accordingly, the officer's actions in conducting a weapons search were reasonable. *Id.* at 575.

Likewise, in this case, we hold that the trial court erred in determining that the search was unreasonable and illegal. Here, Officer Gallagher testified that he first noted Dodson's vehicle because Dodson was playing his car stereo loudly. He then witnessed Dodson urinating in public. This gave rise to Officer Gallagher's reasonable suspicion to stop Dodson for public indecency. Thus, the initial stop was valid.

Nonetheless, the trial court determined that the stop was invalid because it was pretextual. It based this conclusion on the fact that Officer Gallagher testified that after he saw Dodson urinate in the parking lot, he suspected that he had been drinking. However, even if the stop were pretextual, this does not render the subsequent search unconstitutional if the stop was lawful. *See Kenner v. State,* 703 N.E.2d 1122 (Ind.Ct.App.1999), *trans. denied* (lawful stop for violation, even if pretextual, does not make subsequent search unconstitutional); *State v. Voit,* 679 N.E.2d 1360 (Ind.Ct.App.1997) (search was valid where police stopped suspect for speeding when primary motivation was to investigate drug activity). A police officer's subjective motives are irrelevant in Fourth Amendment analysis, and a stop will be valid provided there is an objectively justifiable reason for it. *State v. Hollins,* 672 N.E.2d 427, 431 (Ind.Ct.App. 1996), *trans. denied* (1997). That Dodson was not arrested for public intoxication or driving while intoxicated, or even public indecency for urinating in public, is irrelevant. The fact remains that Officer Gallagher witnessed Dodson commit the crime of public indecency which gave him reasonable suspicion to make an investigatory stop of Dodson. Thus, Officer Gallagher's investigative stop of Dodson was valid.

During that initial encounter, Dodson's furtive movements to the right of his body and hesitation at following Officer Gallagher's commands, coupled with the fact that he wore an empty shoulder holster provided a basis for a reasonable belief that Officer Gallagher or others were in danger. Officer Gallagher testified that he ordered Dodson out of his vehicle because he was concerned for his safety. He further testified that once he saw Dodson's empty shoulder holster, he was sure Dodson had a weapon. Officer Gallagher patted Dodson down and placed him in handcuffs. He then conducted a search of the vehicle and discovered a gun after removing the center console of the vehicle. Al-

though Officer Gallagher acknowledged that he no longer felt threatened by Dodson after he had been placed in handcuffs, this is not the critical moment for the search. It was during the initial investigatory stop that circumstances arose which created a reasonable belief that Dodson was armed. It was at that same moment that Officer Gallagher's right to conduct a limited weapons search of the passenger compartment of the vehicle to protect himself and others arose. Accordingly, we hold that the State met its burden of proving that the weapons search of Dodson's vehicle was a valid search prompted by reasonable concerns for the safety of Officer Gallagher and others. The motion to suppress should have been denied.

Reversed.

BAKER, J., concurs.

RILEY, J., dissents with separate opinion.

RILEY, Judge, dissenting

I respectfully dissent. Here, Officer Gallagher testified that he observed Dodson playing his car stereo loudly and urinating outside, and that he initially approached Dodson because he was a drunk driver. Officer Gallagher also testified that he ordered Dodson out of his vehicle because Dodson was moving around inside the car and he was concerned for his safety. He further testified that once he saw Dodson's empty shoulder holster, he was sure Dodson had a weapon. Officer Gallagher then patted Dodson down and placed him in handcuffs. Officer Gallagher testified that at this point he did not feel threatened by Dodson and although Dodson was in handcuffs, he was not under arrest. Nonetheless, Officer Gallagher then conducted a search of the vehicle, without Dodson's permission, and discovered a gun only after removing the center console of the vehicle. Officer Gallagher acknowledged that the gun was not in plain view.

Based on the facts, I agree with the trial court that the search was unreasonable and illegal. Although Officer Gallagher had a reasonable suspicion to stop Dodson for public indecency, the search of the vehicle went beyond what was necessary to protect the officer's safety. As I have noted, the purpose of a limited weapons search is to protect the safety of the officer or others, not to discover evidence of a crime. *State v. Joe*, 693 N.E.2d 573, 575 (Ind.Ct.App.1998), *trans. denied*; *see also Trigg v. State*, 725 N.E.2d 446, 449 (Ind. Ct.App.2000).

In this case, Officer Gallagher ordered Dodson from the vehicle, patted Dodson down, and handcuffed him. Dodson was then turned over to another officer while Officer Gallagher searched the vehicle. Once these events occurred, the officer's safety was no longer at issue, and as Officer Gallagher acknowledged, he no longer felt threatened by Dodson. Therefore, although Officer Gallagher had a reasonable suspicion for the initial investigatory stop, his search of the internal areas of the vehicle, including his search underneath the center console, went beyond the limited weapons search allowed under *Terry*.