**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**VALERIE K. BOOTS**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| PATRICK WIESE, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A02-1207-CR-595 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Rebekah F. Pierson-Treacy, Judge
The Honorable Shatrese M. Flowers, Commissioner
Cause No. 49F19-1201-CM-3720

**April 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Patrick Wiese ("Wiese") presents this discretionary interlocutory appeal from the trial court's denial of his motion to suppress evidence obtained when Indianapolis Metropolitan Police Department Officer Adam Jones ("Officer Jones") entered his apartment while responding to a report of a disturbance. Wiese presents one issue for our review, which we restate as whether the trial court's denial of his motion to suppress evidence was improper because Officer Jones's entry into the apartment violated Wiese's rights under the Fourth Amendment to the United States Constitution, and under Article 1, Section 11 of the Indiana Constitution.

We affirm.

**Facts and Procedural History**

On January 17, 2012, Officer Jones responded to a report of a verbal disturbance at an apartment building at 4945 Edinborough Lane, in Marion County, Indiana. A resident on the second floor of the apartment building reported a verbal disturbance on the third floor. Immediately upon entering the front door of the building on the first floor, Officer Jones heard a loud male voice screaming or yelling.

After locating the third-floor apartment from which the noise was emanating, Officer Jones knocked on the door. A male voice asked who was at the door, and Officer Jones identified himself as a police officer. Officer Jones heard something moving inside the apartment, and after waiting a short time and receiving no answer at the door, he knocked again. The voice again asked who was at the door, and Officer Jones again identified himself

as a police officer.

After Officer Jones knocked a third time, Wiese, who appeared angry and agitated, opened the door slightly. Officer Jones explained that there was a report of a disturbance, to which Wiese replied that there was no disturbance. When asked if there was anyone else in the apartment, Wiese replied that there was. Through the partially-opened door, Officer Jones could see only the front living room area, so he asked Wiese for permission to enter the apartment "to check on the welfare of everybody inside." (Tr. at 12.) Wiese refused. Throughout this encounter, Wiese was still yelling, and appeared to be agitated.

Fearing that Wiese would slam the door in his face, Officer Jones placed his foot between the door and the doorframe. They discussed whether Officer Jones could enter the apartment for another ten or fifteen seconds, at which point Officer Jones forced the door open with Wiese still behind the door. Officer Jones secured Wiese in handcuffs and checked the inside of the apartment, where he found another man who was uninjured. Officer Jones arrested Wiese for Resisting Law Enforcement. The same day, the State charged Wiese with Resisting Law Enforcement, as a Class A Misdemeanor.[1]

On May 25, 2012, Wiese filed a motion to suppress evidence, arguing that Officer Jones's entry into Wiese's apartment was illegal and that all evidence obtained from the entry, including the testimony of Officer Jones, should be suppressed from evidence at trial. A hearing was conducted on Wiese's motion on June 7, 2012, at the conclusion of which the

---

[1] Ind. Code § 35-44-3-3 (2011). The relevant statutory provision was recodified as Indiana Code section 35-44.1-3-1, effective July 1, 2012. We refer to the statutory provision in effect at the time of the alleged offense.

3

trial court denied the motion to suppress evidence.

On July 2, 2012, Wiese moved the trial court to certify its order for interlocutory appeal, which the trial court granted on July 6, 2012. We accepted jurisdiction, and this appeal followed.

**Discussion and Decision**

Wiese brings this interlocutory appeal from the denial of a motion to suppress evidence, contending that Officer Jones's entry into his apartment violated the Fourth Amendment to the United States Constitution, and Article 1, Section 11 of the Indiana Constitution.

We review a trial court's denial of a motion to suppress similarly to other sufficiency issues. Litchfield v. State, 824 N.E.2d 356, 358 (Ind. 2005). We determine whether substantial evidence of probative value exists to support the trial court's ruling. Id. We review de novo a trial court's ruling on the constitutionality of a search or seizure, but we give deference to a trial court's determination of the facts, which will not be overturned unless clearly erroneous. Campos v. State, 885 N.E.2d 590, 596 (Ind. 2008). Thus, we do not reweigh the evidence, but consider conflicting evidence most favorably to the trial court's ruling. Id. However, in reviewing a denial of a motion to suppress, we must also consider uncontested evidence that is favorable to the defendant. Jackson v. State, 785 N.E.2d 615, 618 (Ind. Ct. App. 2003), trans. denied. We will affirm the trial court's ruling if it is sustainable on any legal grounds that are apparent in the record. Richardson v. State, 848 N.E.2d 1097, 1101 (Ind. Ct. App. 2006), trans. denied.

4

<u>Federal Constitution</u>

The Fourth Amendment to the United States Constitution states, in relevant part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. Const. amend. IV. The fundamental purpose of the Fourth Amendment is to protect the legitimate expectations of privacy that citizens possess in their persons, their homes, and their belongings. <u>Taylor v. State</u>, 842 N.E.2d 327, 330 (Ind. 2006) (citing <u>Ybarra v. Illinois</u>, 444 U.S. 85, 91 (1979)). The principal protection against unnecessary intrusions into private dwellings is the warrant requirement imposed by the Fourth Amendment, and therefore searches and seizures inside a home without a warrant are presumptively unreasonable. <u>Alspach v. State</u>, 755 N.E.2d 209, 212 (Ind. Ct. App. 2001), <u>trans. denied</u>. The State bears the burden of proving that a warrantless search falls within an exception to the warrant requirement. <u>Taylor</u>, 842 N.E.2d at 330. Whether a particular warrantless search violates the guarantees of the Fourth Amendment depends on the facts and circumstances of each case. <u>State v. Joe</u>, 693 N.E.2d 573, 575 (Ind. Ct. App. 1998), <u>trans. denied</u>.

The existence of exigent circumstances is among the exceptions to the warrant requirement. <u>Holder v. State</u>, 847 N.E.2d 930, 936 (Ind. 2006). A warrant is unnecessary when the "'exigencies of the situation make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment.'" <u>Id.</u> at 936–37 (quoting <u>Mincey v. Arizona</u>, 437 U.S. 385, 393–94 (1978)) (internal quotation marks omitted).

5

Under the exigent circumstances exception, police may enter a residence without a warrant if the situation suggests a reasonable belief that someone inside the residence is in need of aid. Smock v. State, 766 N.E.2d 401, 404 (Ind. Ct. App. 2002) (citing Vitek v. State, 750 N.E.2d 346, 349 (Ind. 2001)). However, an officer's subjective belief that exigent circumstances exist is insufficient to justify a warrantless entry. Cudworth v. State, 818 N.E.2d 133, 137 (Ind. Ct. App. 2004), trans. denied. Rather, the test is objective, and the State must establish that the circumstances as they appear at the moment of entry would lead a reasonable, experienced law enforcement officer to believe that someone inside the house or apartment required immediate assistance. Id.

Moreover, "while exigent circumstances justify dispensing with a search warrant, they do not eliminate the need for probable cause." Id. at 140. In an emergency, the probable cause element may be satisfied where the officer reasonably believes that a person is in danger. Id. at 140-41. "The burden is on the government to demonstrate exigent circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries." McDermott v. State, 877 N.E.2d 467, 474 (Ind. Ct. App. 2007), trans. denied.

The evidence most favorable to the trial court's ruling indicates that Officer Jones was at the apartment building responding to a report of a domestic disturbance. From the first floor entryway of the apartment building, he heard a male voice screaming or yelling somewhere on the third floor. When he knocked on the apartment door he twice received no response other than a voice asking who was at the door, and he heard the sound of something

6

moving inside the apartment. When Wiese finally opened the door slightly, he told Officer Jones, in a loud and agitated voice, that there was no disturbance, that there was someone else in the apartment, but that Officer Jones could not enter the apartment.

From these circumstances, a reasonable, experienced law enforcement officer could reasonably believe that, at the moment Officer Jones entered the apartment, someone inside the apartment required immediate assistance, and that person was in danger. Officer Jones had probable cause to enter Wiese's residence, and his doing so was not a violation of the Fourth Amendment. We cannot conclude that the trial court erred in denying Wiese's motion to suppress evidence in this respect.

### Indiana Constitution

Article 1, Section 11 of the Indiana Constitution states, in relevant part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizure, shall not be violated[.]" Ind. Const. art. 1, § 11. The purpose of Article 1, Section 11 of the Indiana Constitution is "to protect from unreasonable police activity those areas of life that Hoosiers regard as private." Brown v. State, 653 N.E.2d 77, 79 (Ind. 1995).

Our state provision tracks the language of the Fourth Amendment to the United States Constitution verbatim. Litchfield v. State, 824 N.E.2d 356, 359 (Ind. 2005). However, the legality of a governmental intrusion under the Indiana Constitution turns on an evaluation of the reasonableness of the police conduct under the totality of the circumstances. Id. Although there may be other relevant considerations under the circumstances, the

reasonableness of a search or seizure turns on a balancing of the following: (1) the degree of concern, suspicion, or knowledge that a violation has occurred; (2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities; and (3) the extent of law enforcement needs. Id. at 361. The burden is on the State to show that, under the totality of the circumstances, the police intrusion was reasonable. State v. Gerschoffer, 763 N.E.2d 960, 965 (Ind. 2002).

Here, Officer Jones was at the apartment building responding to a report of a domestic disturbance, and he heard screaming or yelling coming from the third floor while he was on the first floor. After Officer Jones knocked on the door and made two attempts to elicit a response, Wiese finally opened the door slightly and told Officer Jones, in a loud and agitated voice, that there was no disturbance, that there was someone else in the apartment, but that Officer Jones could not enter the apartment. Thus, the degree of concern, suspicion, or knowledge that a violation had occurred was high, as was Officer Jones's need to enter the apartment to verify the welfare of its occupants.

When asked for permission to enter the apartment, Wiese refused. Officer Jones placed his foot between the door and the doorframe, forced the door open with Wiese still behind the door, and secured Wiese in handcuffs. Thus, the degree of intrusion undoubtedly was high. However, this concern was, under the totality of the circumstances, outweighed by law enforcement concerns, and the need to verify the safety of the occupants inside the apartment.

For these reasons, we conclude that Officer Jones's entry into Wiese's residence was

reasonable under the totality of the circumstances, and thus was not a violation of Article 1, Section 11 of the Indiana Constitution. Therefore, we cannot agree that the trial court erred in denying Wiese's motion to suppress evidence in this respect.

## Conclusion

Wiese's rights were not violated under either the Fourth Amendment to the United States Constitution, or Article 1, Section 11 of the Indiana Constitution. Thus, the trial court did not err in denying Wiese's motion to suppress evidence.

Affirmed.

NAJAM, J., and BARNES, J., concur.