## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 03 2015, 6:36 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

J. Grant Tucker
Jones Patterson & Tucker
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Travis J. Monroe,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 3, 2015

Court of Appeals Cause No.
03A04-1408-CR-368

Appeal from the Bartholomew Superior Court.
The Honorable Kathleen Tighe Coriden, Judge.
Cause No. 03D02-1212-CM-6450

**Baker, Judge.**

[1] Travis Monroe appeals his conviction for Possession of Paraphernalia,[1] a class A misdemeanor. He argues that there was insufficient evidence to support the conviction. Finding sufficient evidence, we affirm.

## Facts

[2] On November 30, 2012, Monroe was a passenger in James Rush's truck. Bartholomew County Sheriff's Officer Kraig Weisner (Officer Kraig) stopped Rush for speeding and failing to signal while changing lanes. Rush was driving with a suspended license and was arrested for driving while intoxicated.

[3] Officer Kraig asked Monroe to exit the truck, and, when he did so, the officer noticed a corncob pipe on the floorboard of the vehicle where Monroe's feet had been. Officer Kraig noticed that the pipe smelt of burnt marijuana. At this point, Officer Kris Weisner (Officer Kris) had arrived at the scene to assist with the traffic stop. Officer Kraig gave him the pipe to field test; it tested positive for marijuana. Officer Kraig testified at trial that he then asked Monroe who the pipe belonged to and that Monroe stated that it was his. He then asked Monroe what was in the pipe; Monroe told him it was tobacco. Officer Kraig testified that when he asked him what type of tobacco, to which Monroe responded, "you know what type it is, something to that affect." Tr. p. 8.

---

[1] Indiana Code § 35-48-4-8.3(a)(1).

[4] On December 18, 2012, the State charged Monroe with class A misdemeanor possession of paraphernalia. Monroe's bench trial took place on July 2, 2014, and the trial court found him guilty and sentenced him to one year in the Bartholomew County Jail, suspended to probation. Monroe now appeals.

## Discussion and Decision

[5] Monroe argues that there was insufficient evidence to support his conviction for possession of paraphernalia. When reviewing challenges to the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Bond v. State*, 925 N.E.2d 773, 781 (Ind. Ct. App. 2010). Rather, we consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom, and we will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the verdict. *Id*. Reversal is appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense. *Id*.

[6] In order to show that Monroe was in possession of paraphernalia, the State was required to prove that Monroe possessed a raw material, an instrument, a device, or other object that he intended to use to introduce a controlled substance into his body. Indiana Code § 35-48-4-8.3(a)(1). Possession may be actual or constructive. *Trigg v. State*, 725 N.E.2d 446, 449 (Ind. Ct. App. 2000). Constructive possession is "an intent and capability to maintain control and dominion" over the illicit items. *Crabtree v. State*, 479 N.E.2d 70, 75 (Ind. Ct. App. 1985). When, as here, a person does not have exclusive possession of the

premises, mere presence is not sufficient proof of intent to possess. *Id*. Rather, the inference of intent must be bolstered by showing additional circumstances, such as: proximity to contraband in plain view, attempted flight, defendant's admission of ownership of contraband, and furtive conduct. *Id*.

[7] Monroe maintains that the State did not present sufficient evidence to support a finding that he had constructive possession of the pipe. Here, although Monroe did not have exclusive possession of the truck, additional circumstances beyond his mere presence bolstered the inference that he had the intent to possess the paraphernalia. The pipe was in plain view and in close proximity to Monroe. It was found directly where his feet had been. Tr. p. 10. Moreover, both Officer Kraig and Officer Kris testified that Monroe admitted to them that the pipe belonged to him. Tr. p. 8, 11. Therefore, we find that there was sufficient evidence to convict Monroe of possession of paraphernalia.

[8] The judgment of the trial court is affirmed.

Vaidik, C.J., and Riley, J., concur.