Oscar Todd HOLLINGSWORTH,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 34A02–0810–CR–892.

Court of Appeals of Indiana.

April 24, 2009.

Publication Ordered June 5, 2009.

Matthew J. Elkin, Deputy Public Defender, Kokomo, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ian McLean, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Oscar Todd Hollingsworth appeals his convictions for class B felony unlawful possession of a firearm by a serious violent felon ("SVF"), class C felony illegal possession of anhydrous ammonia or ammonia solution, class C felony possession of chemical reagents or precursors with intent to manufacture a controlled substance, and class D felony operating a vehicle as a habitual traffic violator ("HTV"). We affirm.

### Issues

I. Whether the trial court abused its discretion in admitting evidence seized from Hollingsworth's vehicle;

II. Whether the trial court erred in determining that an Arkansas statute was substantially similar to an Indiana statute for purposes of the SVF charge;

III. Whether the trial court abused its discretion in refusing Hollingsworth's proposed jury instructions; and

IV. Whether the trial court abused its discretion in denying Hollingsworth's motion for mistrial.

### Facts and Procedural History

On April 5, 2008, Officer Ted Secrease of the Kokomo Police Department was temporarily blinded by sunlight reflecting off the cracked windshield of an oncoming vehicle. As Officer Secrease passed the vehicle, he recognized the driver as Hollingsworth, whom he had encountered three weeks earlier while investigating a crime unrelated to Hollingsworth. Officer Secrease learned during that prior encounter that Hollingsworth's license had been suspended for being an HTV. Officer Secrease then stopped Hollingsworth's car. Hollingsworth admitted that he had a suspended driver's license. Officer Chad VanCamp arrived at the scene, and his police dog sniffed the exterior of the vehicle. The dog alerted at the driver's side "door seams" and the "passenger side door seams." Tr. at 88. The officers searched the interior of the vehicle and found lithium batteries, pseudoephedrine tablets, and five blue tablets in the car's middle console. The officers also searched the trunk and located a loaded revolver, a three-quarter inch valve, and a Coleman fuel container, which is a metal container often used to store anhydrous ammonia. All these items except the blue tablets and the revolver are used to manufacture methamphetamine.

The State charged Hollingsworth as follows: count 1, class B felony unlawful possession of a firearm by an SVF; count 2, class C felony possession of a controlled substance; count 3, class C felony illegal possession of anhydrous ammonia or ammonia solution; count 4, class C felony possession of chemical reagents or precursors with intent to manufacture a controlled substance; and count 5, class D felony operating a vehicle as an HTV. The State later dismissed count 2. On June 18, 2008, the jury convicted him of the remaining counts.

### Discussion and Decision

#### I. Propriety of Traffic Stop

■ Hollingsworth incorrectly frames the first issue as whether the trial court abused its discretion by denying his motion to suppress all evidence seized from his vehicle. If a defendant does not seek an interlocutory appeal of the denial of the motion to suppress and instead objects to

the admission of evidence at trial, "the trial court's denial of a motion to suppress is insufficient to preserve error for appeal." *Washington v. State*, 784 N.E.2d 584, 586 (Ind.Ct.App.2003). Therefore, the issue before us is more accurately stated as "whether the trial court abused its discretion by admitting the evidence at trial." *Id.* Our standard of review for the admissibility of evidence is well settled:

A trial court has broad discretion in ruling on the admissibility of evidence. Accordingly, we will reverse a trial court's ruling on the admissibility of evidence only when the trial court abused its discretion. An abuse of discretion involves a decision that is clearly against the logic and effect of the facts and circumstances before the court.

*Id.* at 587 (citations omitted). We will not reweigh the evidence, and we will "affirm the trial court's ruling if it is supported by substantial evidence of probative value." *P.M. v. State*, 861 N.E.2d 710, 713 (Ind.Ct. App.2007).

■ Hollingsworth challenges the propriety of the traffic stop under the Fourth Amendment.[1] If an officer has reasonable suspicion of criminal activity, the officer may briefly stop the person for investigatory purposes. *Williams v. State*, 754 N.E.2d 584, 587 (Ind.Ct.App.2001) (citing *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). "Reasonable suspicion is satisfied where the facts known to the officer, together with the reasonable inferences arising from such facts, would cause an ordinarily prudent person to believe that criminal activity has or is about to occur." *Id.* Furthermore, "[a] police officer's subjective motives are irrelevant in Fourth Amendment analysis, and a stop will be valid provided there is an objectively justifiable reason for it."

*State v. Dodson*, 733 N.E.2d 968, 972 (Ind. Ct.App.2000). A police officer may stop a vehicle for minor traffic violations. Ind. Code § 34–28–5–3; *see also English v. State*, 603 N.E.2d 161, 163 (Ind.Ct.App. 1992) (finding probable cause for a traffic stop for improperly displayed registration tags).

■ Hollingsworth contends that his car's cracked windshield did not constitute reasonable suspicion to stop him because driving with a cracked windshield is not a traffic infraction. Officer Secrease testified that the cracked windshield drew his attention to the vehicle, but he stopped the vehicle because he recognized the driver as Hollingsworth, whom he knew had a suspended driver's license. The suspended license alone constitutes an objectively justifiable reason for the stop, regardless of the viability of Hollingsworth's claim regarding the cracked windshield. Therefore, the trial court did not abuse its discretion in admitting the evidence obtained from the search of Hollingsworth's vehicle.

## II. Predicate Conviction for SVF Charge

■ To qualify as an SVF, Hollingsworth must have been convicted of a serious violent felony in Indiana or in "any other jurisdiction in which the elements of the crime for which the conviction was entered are substantially similar to the elements of a serious violent felony." Ind. Code § 35–47–4–5(a)(1)(A)–(B). Hollingsworth had previously been convicted of second-degree domestic battery in Arkansas. The trial court took judicial notice of the Arkansas statute under which Hollingsworth was convicted and found as a matter of law that Arkansas Code Section 5–26–304 (domestic battery in the second

1. Hollingsworth mentions Article 1, Section 11 of the Indiana Constitution but does not make a separate argument under that provision. Therefore, that argument is waived. *Klein v. State*, 698 N.E.2d 296, 299 (Ind. 1998).

degree) and Indiana Code Section 35–42–2–1 (felony battery) are substantially similar. Our standard of review for questions of foreign law is *de novo*. *Mann v. State*, 754 N.E.2d 544, 549 (Ind.Ct.App.2001), *trans denied.*

██ Hollingsworth first asserts that it was improper for the trial court to decide as a matter of law that the Arkansas and Indiana statutes are substantially similar.[2] The Uniform Judicial Notice of Foreign Law Act provides that questions of foreign law "shall be made by the court and not by the jury." Ind.Code § 34–38–4–3. In *Mann,* we found that Indiana Code Section 34–38–4–3 required that the trial court take judicial notice of Ohio's operating while intoxicated statute and rule as a matter of law that it was substantially similar to Indiana's operating while intoxicated statute. 754 N.E.2d at 549. "[T]he determination of foreign law is a question of law for the court," and the issue of whether the statutes were substantially similar should not have been put to the jury. *Id.* The trial court therefore did not err in deciding whether the statutes were substantially similar as a matter of law.

██ Hollingsworth also contends that the State failed to establish which subsections of the Arkansas statute he had violated and that as a result the trial court could not have determined that the Arkansas and Indiana statutes were substantially similar. We must compare the Arkansas statute under which Hollingsworth was convicted and the Indiana statute at the time of this offense. *State v. Akins,* 824 N.E.2d 676, 678 (Ind.2005).

Arkansas Code Section 5–26–304 provides in relevant part,

(a) A person commits domestic battery in the second degree if:

(1) With the purpose of causing physical injury to a family or household member, the person causes serious physical injury to a family or household member;

(2) With the purpose of causing physical injury to a family or household member, the person causes physical injury to a family or household member by means of a deadly weapon; [or]

(3) The person recklessly causes serious physical injury to a family or household member by means of a deadly weapon.

Domestic battery in the second degree is a class C felony. Ark.Code § 5–26–304(b)(1). In Arkansas,

A person acts purposely with respect to his or her conduct or a result of his or her conduct when it is the person's conscious object to engage in conduct of that nature or to cause the result. A person acts recklessly with respect to attendant circumstances or a result of his or her conduct when the person consciously disregards a substantial and unjustifiable risk that the attendant circumstances exist or the result will occur.

Ark.Code § 5–2–202.

In Indiana, a person commits class C felony battery if the person "knowingly or intentionally touches another person in a rude, insolent, or angry manner," which results in "serious bodily injury" or is "committed by means of a deadly weapon." Ind.Code § 35–42–2–1(a)(3). A person acts "knowingly if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind.Code § 35–41–2–2(b). A person acts "intentionally if, when he engages in the conduct, it is his conscious objective to do so." Ind.Code § 35–41–2–2(a).

---

2. Hollingsworth does not challenge the sufficiency of the evidence that he committed the predicate offense.

The use of different terminology for the requisite mens rea does not affect the outcome if the statutory meaning is fundamentally the same. *Akins,* 824 N.E.2d at 679. "Purposely" in Arkansas and "intentionally" in Indiana have substantially the same meaning: they both require that the person have the "conscious objective" to engage in that particular conduct or effect a particular result. Ark.Code § 5-2-202; Ind.Code § 35-41-2-2(a). "Recklessly" in Arkansas and "knowingly" in Indiana both require that the person act with the knowledge that he is engaging in the conduct or that the result will occur. We find little difference between requiring that the actor be aware of a high probability that he is engaging in conduct and requiring the actor to disregard a substantial risk that the result will occur. Both standards require similar degrees of mental culpability.

Regardless which subsection of the Arkansas statute Hollingsworth violated, the offense was substantially similar to Indiana's felony battery offense. The trial court did not err in finding the Arkansas and Indiana statutes substantially similar. Accordingly, we affirm Hollingsworth's conviction for unlawful possession of a firearm by an SVF.

### III. Jury Instructions

■■■■ Hollingsworth contends that the trial court erred in refusing his proposed instructions listing the statutory elements of the aforementioned Arkansas and Indiana offenses. Hollingsworth asserts that the jury could not "determine whether the qualifying offense occurred ... and the court [thus] removed from the jury an element of the offense." Appellant's Br. at 25. Instructing the jury lies within the trial court's sole discretion. *Carter v. State,* 766 N.E.2d 377, 382 (Ind.2002). When determining whether the trial court abused its discretion in refusing Hollingsworth's proposed instructions, we must consider: (1) whether the tendered instructions correctly state the law; (2) whether there was evidence presented at trial to support giving the instructions; and (3) whether the substance of the instructions was covered by other instructions that were given. *Lampkins v. State,* 778 N.E.2d 1248, 1253 (Ind.2002).

We have already concluded that the trial court properly found as a matter of law that the Arkansas and Indiana statutes were substantially similar. The trial court therefore did not need to instruct the jury on the Arkansas and Indiana statutes. Consequently, the trial court did not abuse its discretion in declining to give Hollingsworth's proposed jury instructions.

### IV. Motion for Mistrial

■■■■ During the cross-examination of Officer Secrease, Hollingsworth's counsel asked, "So at the time of April 5th, 2008, you didn't recall that you'd had recent contact with [Hollingsworth]?" Tr. at 211. Officer Secrease replied, "No, I didn't recall running his license. I know Oscar Hollingsworth from when I used to work out at the jail." Tr. at 211. Hollingsworth then moved to strike and for mistrial. The trial court denied the motion for mistrial and instructed the jury to disregard Officer Secrease's statement. Hollingsworth contends that the trial court erred in admonishing the jury to disregard prejudicial testimony rather than granting his motion for mistrial. Whether to grant a mistrial lies in the discretion of the trial court, and we will find an abuse of discretion only if Hollingsworth can "show that he was placed in a position of grave peril to which he should not have been subjected." *Francis v. State,* 758 N.E.2d 528, 532 (Ind.2001). Generally, "[a] timely and accurate admonition is presumed to cure any error in the admission of evidence." *Banks v. State,* 761 N.E.2d 403, 405 (Ind. 2002).

Hollingsworth contends that Officer Secrease's comment was improper evidence of his prior criminal conviction, and the prejudice he suffered cannot be cured by an admonition to the jury. The trial court found that the jury could have drawn other reasonable inferences from Officer Secrease's comment, including that Hollingsworth could have been an inmate, a deputy, a contractor, or a delivery person at the jail. Additionally, Officer Secrease's comment was only a passing reference. We conclude that Hollingsworth was not placed in grave peril by the stricken testimony and that the admonition was sufficient to cure any error. Therefore, we affirm.

Affirmed.

BRADFORD, J., and BROWN, J., concur.

## ORDER

On April 24, 2009, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellee State of Indiana, by counsel, has filed a Verified Motion for Publication of Memorandum Decision.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellee's Verified Motion for Publication of Memorandum Decision is GRANTED, and this Court's opinion handed down in this cause on April 24, 2009, marked Memorandum Decision, Not for Publication in now ORDERED PUBLISHED.

CRONE, BRADFORD, and BROWN, JJ., concur.