

FILED

Jan 22 2016, 8:24 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

James C. Spencer
Dattilo Law Office
Madison, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Defendant,*

v.

Frank Hancock,

*Appellee-Plaintiff.*

January 22, 2016

Court of Appeals Case No.
39A05-1506-CR-633

Interlocutory Appeal from the
Jefferson Superior Court

The Honorable Fred H. Hoying,
Senior Judge

Trial Court Cause No.
39D01-1410-F4-857

**Mathias, Judge.**

[1]     Frank Hancock ("Hancock") was charged with two counts of Level 4 felony possession of a firearm by a serious violent felon ("SVF") in the Jefferson Superior Court. However, the trial court determined that Hancock was not an SVF because his prior conviction for residential burglary in Ohio was not

"substantially similar" to residential burglary in Indiana. The State of Indiana brings this interlocutory appeal and argues that the trial court erred when it determined that the elements of residential burglary in Ohio are not "substantially similar" to those in Indiana.

[2] We affirm.

## Facts and Procedural History

[3] On October 6, 2014, the State charged Hancock with two counts of Level 4 felony possession of a firearm by a SVF, Level 5 felony escape, Class A misdemeanor carrying a handgun without a license, Class B misdemeanor possession of marijuana, Level 6 felony theft, and Class A misdemeanor theft.

[4] The possession of a firearm by an SVF charges alleged that Hancock was an SVF under Indiana Code section 35-47-4-5 because he was convicted in Ohio in the Hamilton County Court of Common Pleas of second degree burglary under cause number B 0308832 on January 9, 2004. The State of Ohio alleged that Hancock committed three separate residential burglaries and was indicted by a grand jury.

[5] A jury trial was held on May 12 and 13, 2015. The trial court raised *sua sponte* the issue of whether the elements of Ohio's residential burglary statute were substantially similar to the elements of Indiana's residential burglary statute. After consideration, the court determined that the Ohio and Indiana statutes were not substantially similar as to the elements. Hancock then moved to

dismiss the two counts of Level 4 felony possession of a firearm by an SVF, which the trial court granted. The trial court also granted a joint motion for mistrial on the remaining charges based on the State's belief that the jury had been prejudiced during voir dire due to references made to the charges that the court dismissed. The State now appeals the dismissal of Hancock's felony possession of a firearm by a SVF charges.

## Discussion and Decision

[6] The State argues that the trial court erred when it dismissed the Level 4 felony possession of a firearm by an SVF charges against Hancock because his prior conviction for second degree residential burglary in Ohio is substantially similar to the elements of Level 4 felony residential burglary in Indiana. We review a trial court's ruling on a motion to dismiss a charging information for an abuse of discretion, which occurs only if a trial court's decision is clearly against the logic and effect of the facts and circumstances. *Pavlovich v. State*, 6 N.E.3d 969, 974 (Ind. Ct. App. 2014). The determination of foreign law shall be made by the court and not by the jury. Ind. Code § 34-38-4-3; *Mann v. State*, 754 N.E.2d 544, 549 (Ind. Ct. App. 2001). We review questions of law under a *de novo* standard and owe no deference to a trial court's conclusions. *Mann*, 754 N.E. at 549 (citing *South Bend Tribune v. South Bend Cmty. Sch. Corp.*, 740 N.E.2d 937, 938 (Ind. Ct. App. 2000)).

[7] Under Indiana Code section 35-47-4-5:

> (a) As used in this section, "serious violent felon" means a person who has been convicted of:
>
>> (1) committing a serious violent felony in:
>>
>>> (A) Indiana; or
>>>
>>> (B) any other jurisdiction in which the elements of the crime for which the conviction was entered are substantially similar to the elements of a serious violent felony.

In Indiana, Level 1, 2, 3, or 4 felony burglary is defined as a serious violent felony. Ind. Code § 35-47-4-5(b) (15).

[8] To determine whether the Ohio burglary statute and the Indiana burglary statute are substantially similar, we must compare the elements of the Ohio statute under which Hancock was convicted in 2004 to the elements of the current Indiana statute. *See State v. Atkins*, 824 N.E.2d 676, 678 (Ind. 2005) (citing *Hollingsworth v. State*, 907 N.E.2d 1026, 1030 (Ind. Ct. App. 2009). Ohio Revised Code Section 2911.12 provides in relevant part:

> (A) No person, by force, stealth, or deception, shall do any of the following . . .
>
>> (2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense.

Burglary under this section is a felony of the second degree. Ohio Rev. Code § 2911.12(D). Under Indiana Code section 35-43-2-1:

> A person who breaks and enters the building or structure of another person, with intent to commit a felony or theft in it, commits burglary, a Level 5 felony. However, the offense is a Level 4 felony if the building or structure is a dwelling.

[9] Both statutes have an act element and an intent element. The Ohio statute requires trespass by force, stealth, or deception with the purpose to commit _any_ criminal offense, whereas, the Indiana statute requires a person to break and enter into a building or structure with the intent to commit a felony or theft. Although the statutes might seem substantially similar at first glance, when the same factual situation is applied to both statutes, two different legal outcomes are possible based on whether the incident occurred in Ohio or Indiana.

[10] The trial court provided an illustration of this problem at the May 12, 2015 hearing:

> Let's say a person goes to a home in Indiana and says they want to check your electricity, a typical theft thing in Indiana. It happens a lot. You let them in and while you're there, they steal your jewelry. Is that a burglary in Indiana? It is certainly stealth in Ohio. It certainly would qualify for Burglary, Level 2 in Ohio, but in Indiana? I think not.

Tr. p. 7. Other hypotheticals exist that demonstrate either the criminal's entry is allowed by the resident or the crime committed is a

misdemeanor, in which case the Ohio burglary statute would apply but Indiana's burglary statute would not.

[11] The State argues that the elements of the Ohio and Indiana statutes are functionally equivalent. However, the Ohio residential burglary statute is much broader, and we are presented with different outcomes based on whether the situation occurred in Ohio or Indiana. Therefore, it is clear that the Ohio and Indiana residential burglary statutes are not substantially similar as a matter of law.

[12] We conclude that the trial court properly dismissed Hancock's Level 4 felony possession of a firearm by a SVF charges after it determined that the elements of the Ohio and Indiana residential burglary statutes were not substantially similar.

[13] Affirmed.

Kirsch, J., and Brown, J., concur.