

ATTORNEYS FOR APPELLANT
Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General

Stephen R. Creason
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
James C. Spencer
Dattilo Law Office
Madison, Indiana

_____

# In the
# Indiana Supreme Court

_____

No. 39S05-1604-CR-182

STATE OF INDIANA,

*Appellant (Plaintiff below),*

v.

FRANK HANCOCK,

*Appellee (Defendant below).*

_____

Appeal from the Jefferson Superior Court, No. 39D01-1306-FD-542
The Honorable Fred H. Hoying, Senior Judge

_____

On Petition To Transfer from the Indiana Court of Appeals, No. 39A05-1506-CR-633

_____

**December 16, 2016**

**Rucker, Justice.**

Concluding the burglary statute in this state is not substantially similar to the burglary statute of a sister jurisdiction, the trial court dismissed two counts of an information charging the defendant as a serious violent felon. Reaching the opposite conclusion, we reverse the trial court's judgment.

**Facts and Procedural History**

Although the underlying facts are not completely clear, the record shows that on October 6, 2014, the State charged Frank Hancock in a multi-count information with two counts of unlawful possession of a firearm by a serious violent felon—level 4 felonies; one count of escape as a level 5 felony; one count of corrupt business influence—a level 5 felony; one count of carrying a handgun without a license as a class A misdemeanor; one count of theft as a class A misdemeanor; and one count of possession of marijuana as a class A misdemeanor. The charges of unlawful possession of a firearm by a serious violent felon (SVF) were based on the State's allegation that Hancock had previously been convicted of second degree burglary in the State of Ohio. As discussed in more detail below, the SVF statute requires substantial similarity between the elements of an Indiana offense and those of a foreign jurisdiction.

The case proceeded to trial on May 12, 2015. Following *voir dire*, the jury was sworn and excused for the day. The trial court then discussed with counsel the jury instructions for the SVF charges expressing concerns over whether the elements of Ohio's second degree felony burglary statute and Indiana's level 4 felony burglary statute were substantially similar. Ultimately, the trial court concluded "[t]he Ohio statute and Indiana statutes on Burglary are not similar as it relates to the elements of the offense." Tr. at 12. The trial court thus dismissed the two counts charging Hancock as an SVF. Tr. at 12. The next day, as the parties prepared to proceed to trial on the remaining counts, the State orally moved for mistrial on grounds it believed Hancock could not now receive a fair trial because during *voir dire* the State made reference to the SVF counts which the trial court had since dismissed. Tr. at 18. Hancock joined in the motion which the trial court granted. Tr. at 18

The State then appealed the dismissal of the two SVF counts[1] contending the trial court misinterpreted the law when it determined that Hancock's prior conviction for residential burglary in Ohio was not substantially similar to the elements of residential burglary in Indiana. Affirming the trial court, the Court of Appeals declared "[a]lthough the statutes might seem substantially similar at first glance, when the same factual situation is applied to both statutes, two different legal outcomes are possible based on whether the incident occurred in Ohio or Indiana." State v. Hancock, 49 N.E.3d 1084, 1086 (Ind. Ct. App. 2016).[2] Having previously granted transfer, we now reverse the trial court's judgment.

## Discussion

### I.

Indiana Code section 35-47-4-5 prohibits the unlawful possession of a firearm by a serious violent felon. In relevant part the statute provides: "As used in this section, 'serious violent felon' means a person who has been convicted of: (1) committing a serious violent felony in: (A) Indiana; or (B) any other jurisdiction in which the elements of the crime for which the conviction was entered are substantially similar to the elements of a serious violent felony[.]" Ind. Code § 35-47-4-5(a). The statute lists twenty-seven separate offenses qualifying as a serious violent felony including "burglary (IC 35-43-2-1) as a: . . . Level 1 felony, Level 2 felony, Level 3 felony, or Level 4 felony, for a crime committed after June 30, 2014." I.C. § 35-47-4-5(b)(15)(B).

---

[1] See Indiana Code section 35-38-4-2, which provides in relevant part: "Appeals to the supreme court or to the court of appeals, if the court rules so provide, may be taken by the state in the following cases: (1) From an order granting a motion to dismiss one (1) or more counts of an indictment or information."

[2] In support the Court of Appeals noted the following hypothetical illustration which the trial court had advanced:

> Let's say a person goes to a home in Indiana and says they want to check your electricity, a typical theft thing in Indiana. It happens a lot. You let them in and while you're there, they steal your jewelry. Is that a burglary in Indiana? It is certainly stealth in Ohio. It certainly would qualify for Burglary, Level 2 in Ohio, but in Indiana? I think not.

Hancock, 49 N.E.3d at 1086 (quoting Tr. at 7). We express no opinion whether these facts would support a charge of burglary in the State of Indiana. However, we are not persuaded that comparing various hypothetical facts is equal to the task of determining whether two statutes are substantially similar.

This case requires us to construe the meaning of "substantially similar" which is not defined by statute. We are thus presented with a question of statutory construction which is a matter of law we review *de novo*. Suggs v. State, 51 N.E.3d 1190, 1193 (Ind. 2016). When construing a statute our primary goal is to ascertain the legislature's intent. Adams v. State, 960 N.E.2d 793, 798 (Ind. 2012). To discern that intent, we look to the statutory language itself and give effect to the plain and ordinary meaning of statutory terms. Pierce v. State, 29 N.E.3d 1258, 1265 (Ind. 2015). Undefined words in a statute are given their plain, ordinary and usual meaning. See I.C. § 1-1-4-1(1). And in determining the plain and ordinary meaning of a statutory term, courts may consult English language dictionaries. D.R. v. State, 729 N.E.2d 597, 599 (Ind. Ct. App. 2000). We do so here. In one such dictionary "similar" is defined as "having characteristics in common" or "alike in substance or essentials." Webster's Third New International Dictionary 2120 (2002). In another, the term is defined as "[r]elated in appearance or nature; alike though not identical." The American Heritage Dictionary of the English Language 1622 (2006). "Substantial" is defined as "consisting of, relating to, sharing the nature of, or constituting substance[.]" Webster's at 2280; see also The American Heritage at 1727 (defining "substantial" in part as "[c]onsiderable in importance, value, degree, amount, or extent"). Reduced to their essence these definitions can best be applied here to mean that the elements of two statutes are "substantially similar" if they have common core characteristics that are largely, but not identically, alike in degree or extent.

We are still left with the question of how do we evaluate these core characteristics. For example, elements may be substantially similar with respect to general characteristics such as wording and type of element. On the other hand, elements may be considered substantially similar with respect to specific characteristics such as the underlying conduct sought to be regulated. See, e.g., United States v. Thomas, 367 F.3d 194, 198 (4th Cir. 2004) (a case involving Maryland and Virginia driving while intoxicated statutes, declaring "[a] statute is substantially similar if any actions violating the [out-of-state Maryland] statute necessarily would violate the Virginia statute as well" (citation omitted)). To help answer the question we set out the relevant text of each offense, separate the offenses into elements conducive to comparison, and then look for substantial similarity between the elements.

4

## II.

Hancock pleaded guilty in the Hamilton County, Ohio Court of Common Pleas to two counts of second degree burglary under Ohio Rev. Code § 2911.12(A)(2) and was sentenced on January 6, 2004 to concurrent terms of six years. See Ex. 6, 8. Following are relevant portions of the Ohio statute as they appeared at the time of the offense:

> (A) No person, by force, stealth, or deception, shall do any of the following: . . .
>
> (2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense;
>
> \*              \*              \*
>
> (C) . . . A violation of division (A) . . . (2) of this section is a felony of the second degree.

Ohio Rev. Code Ann. § 2911.12(A)(2), (C) (West 2003). Burglary in Indiana is defined in pertinent part as follows: "A person who breaks and enters the building or structure of another person, with intent to commit a felony or theft in it, commits burglary, a Level 5 felony. However, the offense is: (1) a Level 4 felony if the building or structure is a dwelling[.]" I.C. § 35-43-2-1(1).

For purposes of comparison we align and number the elements of the two offenses. With respect to Ohio burglary as a second degree felony:

> (I)    With the purpose to commit any criminal offense
> (II)   A person trespasses by force, stealth, or deception
> (III)  In an occupied structure of any person
> (IV)   When any person other than the accomplice of the offender is present or is likely to be present.

Concerning Indiana burglary as a level 4 felony the comparable elements are as follows:

> (I)    With the intent to commit a felony or theft
> (II)   A person breaks and enters

5

(III)    The building or structure of another person
(IV)    Where the building or structure is a dwelling.


## III.


At common law, burglary was defined as the "breaking and entering of the dwelling house of another in the nighttime with the intent to commit a felony." W. LaFave, 3 Substantive Criminal Law § 21.1(a), at 205-206 (2003). However, "[o]nly a few States retain the common-law definition, or something closely resembling it. Most other States have expanded this definition to include entry without a 'breaking,' structures other than dwellings, offenses committed in the daytime, entry with intent to commit a crime other than a felony, etc." Taylor v. U.S., 495 U.S. 575, 593 (1990) (footnote and citation omitted).


Like Indiana there are no common-law crimes in the State of Ohio. See Knotts v. State, 187 N.E.2d 571, 573 (Ind. 1963) ("In Indiana no common-law crimes exist, and the legislature fixes the elements necessary for any statutory crime." (citation omitted)); State v. Gardner, 889 N.E.2d 995, 1002 (Ohio 2008) ("In Ohio, there are no common-law crimes." (citations omitted)). And both states have expanded the common-law definition of burglary. Notably, for our purposes, the expansion involves the underlying offense. For second degree burglary in Ohio it is "any criminal offense" and for a level 4 felony in Indiana it is "felony or theft." At first blush it would appear that the difference between element I of the statutes is fatal to a finding of substantial similarity. This is so because the "any criminal offense" language in the Ohio statute appears broader than the "felony or theft" language in the Indiana statute. And an out-of-state statute is not substantially similar to an Indiana statute where the out-of-state statute is broader than the Indiana statute. See State v. Bazan, 45 N.E.3d 856, 859 (Ind. Ct. App. 2015) (noting that a New York statute for operating a vehicle while impaired was not substantially similar to Indiana's statute for operating a vehicle while intoxicated because the Indiana statute required a greater showing of impairment). But upon closer examination we conclude the Ohio statute here is not in fact broader than the comparable Indiana statute.


In Indiana theft is a class A misdemeanor. See I.C. § 35-43-4-2. The penalty for which is a maximum term of not more than one-year imprisonment. See I.C. § 35-50-3-2. The offense

is elevated to level 5 and 6 felonies depending on additional facts. See I.C.§ 35-43-4-2(a). Thus a level 4 burglary may be committed where the unlawful entry is done with the intent to commit a misdemeanor theft. Ohio has taken a similar approach. As the Ohio Supreme Court has observed:

> In broadening the scope of the crime, the legislature has expanded the mens rea element from an intent to commit a felony to an intent to commit "any criminal offense," which is the mental state required in the current version of R.C. 2911.11. Given the General Assembly's use of the term "any" in the phrase "any criminal offense," we presume that it intended to encompass "every" and "all" criminal offenses recognized by Ohio.

Gardner, 889 N.E.2d at 1002-1003 (citations omitted) (discussing Ohio's aggravated burglary statute which includes the element "with the purpose to commit 'any criminal offense' inside").

Ohio has categorized its offenses in part as follows: "Offenses include . . . misdemeanors of the first, second, third, and fourth degree, minor misdemeanors, and offenses not specifically classified." R.C. § 2901.02(A). The penalty range from first to fourth degree misdemeanors is "not more than one hundred eighty days" to "not more than thirty days." See R.C. § 2929.24(A)(1), (4). A "minor misdemeanor" which includes traffic offenses, see State v. Mattachione, 2004 WL 2588390, at *1 (Ohio Ct. App. 2004), and certain drug related offenses, see State v. Washington, 2006 WL 305454, at *3 (Ohio Ct. App. 2006),[3] is defined as "an offense for which the potential penalty does not exceed a fine of one hundred fifty dollars." Ohio Crim. R. 4.1(B).[4]

---

[3] Our citation to these authorities is informed by rules promulgated by the Ohio Supreme Court one of which dictates: "All opinions of the courts of appeals issued after May 1, 2002 may be cited as legal authority and weighted as deemed appropriate by the courts without regard to whether the opinion was published or in what form it was published." Ohio Rep. Op. R. 3.4. See also Cleveland v. Craig, 2013 WL 6857990, at *6 (Ohio. Ct. App. 2013) (noting "the revised reporting rules enacted by the [Ohio] Supreme Court in 2002 . . . effectively abolished the distinction between 'reported' and 'unreported' appellate court opinions" (quotation and citation omitted)).

[4] With respect to "offenses not specifically classified," R.C. § 2901.02 provides:

> (E) Any offense not specifically classified is a felony if imprisonment for more than one year may be imposed as a penalty.
> (F) Any offense not specifically classified is a misdemeanor if imprisonment for not more than one year may be imposed as a penalty.

Thus, with the exception of a minor misdemeanor, "any criminal offense" for purpose of Ohio's second degree burglary statute, the underlying offense includes various misdemeanors—all of which carry the potential penalty of incarceration. Indiana's statute is only slightly different in that the underlying offense includes a particular misdemeanor offense, namely theft which also carries a potential penalty of incarceration. In any event, despite the academic possibility that any of a variety of underlying misdemeanor offenses may suffice to support a burglary, judicial interpretation of Ohio's burglary statutes paints a different picture. The courts have been clear and consistent: "Where a defendant is apprehended within a structure that he has forcibly entered, there is a reasonable inference that he did so with the intent to commit a theft offense[5] in the absence of circumstances giving rise to a different inference." State v. Levingston, 666 N.E.2d 312, 314 (Ohio Ct. App. 1995) (citation omitted); see also State v. Radloff, 2013 WL 485123, at *3 (Ohio Ct. App. 2013) ("[W]hen no other inference is presented, evidence establishing an intent to enter can be sufficient to create an inference of an intent to commit a theft offense therein." (citation omitted)); State v. Burgett, 2010 WL 4962845, at *6 (Ohio Ct. App. 2010) ("Unless circumstances giving rise to a different inference are present, a reasonable inference arises that the individual entered the structure with the intent to commit a theft offense." (quotation and citation omitted)); State v. Powers, 2006 WL 1351661, at *4 (Ohio Ct. App. 2006) ("[T]here is a reasonable inference that one who forcibly enters a dwelling . . . does so with the intent to commit a theft offense in the absence of circumstances giving rise to a different inference." (quotation omitted)).

Essentially, despite statutory language declaring entry may be accompanied by an intent to commit "any criminal offense," Ohio case authority makes clear that absent a different inference, the reasonable inference is that the defendant did so with the intent to commit the offense of theft. And, we repeat for emphasis, in Indiana a burglary offense may be sustained

---

(G) Any offense not specifically classified is a minor misdemeanor if the only penalty that may be imposed is one of the following:
(1) For an offense committed prior to January 1, 2004, a fine not exceeding one hundred dollars;
(2) For an offense committed on or after January 1, 2004, a fine not exceeding one hundred fifty dollars . . . .

[5] In Ohio, theft is a "misdemeanor of the first degree" which is elevated to felonies of the "fifth degree" through the "first degree" depending on certain enumerated aggravating factors. See R.C. § 2913.02(B)(2).

where the underlying offense is a misdemeanor theft. It appears to us element I of the Ohio and Indiana statutes, while worded differently, display the high degree of likeness necessary to qualify as substantially similar within the meaning of the SVF statute.

As for element II—"break and enter" in Indiana and "trespass by force, stealth, or deception" in Ohio—we first observe the terms "force," "stealth," and "deception" in the Ohio statute are listed in the disjunctive and modify the term "trespass." Thus, a trespass may be accomplished either by force or by stealth or by deception. See State v. Bell, 1994 WL 29877, at *2 (Ohio Ct. App. 1994)[6] (observing "[b]ecause the three words are used in the disjunctive, the state need only prove any one of them"). In turn, "trespass" in the State of Ohio "consists of entry upon the property of another without right, lawful authority, or express or implied invitation or license." Kaso v. Ohio Dept. of Health, 794 N.E.2d 776, 784 (Ohio Ct. Cl. 2003) (internal quotation omitted); see also R.C. § 2911.21(A)(1) (defining criminal trespass in part as "[n]o person, without privilege to do so, shall do any of the following: (1) Knowingly enter or remain on the land or premises of another . . ."). "Force" is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. § 2901.01(A)(1). And although not a defined term by statute, Ohio case authority defines "stealth" as "any secret, sly or clandestine act to avoid discovery and to gain entrance into or to remain within a residence of another without permission." In re Predmore, 931 N.E.2d 181, 193 (Ohio Ct. App. 2010) (quotation and citations omitted).

By comparison, in Indiana "a 'breaking' is proved by showing that even the slightest force was used to gain unauthorized entry." Dupree v. State, 712 N.E.2d 1076, 1080 (Ind. Ct. App. 1999); Anderson v. State, 37 N.E.3d 972, 974-75 (Ind. Ct. App. 2015) (finding sufficient evidence of a "breaking" where defendant "rushed" past a victim to gain entry into her home

---

[6] Prior to the adoption of Reporting Rule 3.4, the Ohio Supreme Court Rules for Reporting Opinions provided in relevant part: "Unofficially published opinions and unpublished opinions of the Courts of Appeals may be cited by any court . . . [and] each unofficially published opinion or unpublished opinion shall be considered persuasive authority on a court[.]" Rep. Op. R. 2(G)(2) (Baldwin's Rev. Ohio Code Ann. 1993). As the Ohio courts have explained: "These rules, by their plain language, allow any court or person to cite an unpublished opinion. While unpublished opinions from another judicial district may not constitute binding authority, they are commonly cited as persuasive authority and the analysis therein may be adopted by any court where there is no binding authority to the contrary." Nutter v. Concord Twp. Bd. of Zoning Appeals, 1993 WL 256808, at *2 (Ohio Ct. App. 1993).

after she voluntarily opened the door for a different person); see also McCormick v. State, 382 N.E.2d 172, 174 (Ind. Ct. App. 1978) (noting "[i]n order to constitute a 'breaking,' it is not necessary to show forcible entry, only that some physical act was used to gain entry").

We see no discernable difference between an entry gained "without right" or "lawful authority" accomplished by "compulsion . . . physically exerted" "against a person," as required in Ohio, and the "slightest force" used against someone to gain unauthorized entry, as required in Indiana. True, Indiana's burglary statute does not have a corresponding "stealth" or "deception" component. But the question is whether the "trespass by force, stealth, or deception" element displays not an exact but instead a high degree of likeness to the "break and enter" element. Or stated somewhat differently, the question is whether the two elements have common core characteristics. And the core characteristic here is the unlawful entry. In sum, we have no hesitancy concluding element II in Ohio's burglary statute and element II in Indiana's burglary statute are substantially similar.

Concerning element III, an "occupied structure of any person" in Ohio and "building or structure of another person" in Indiana also display a high degree of likeness. The Ohio second degree burglary statute provides, "[a]s used in this section, 'occupied structure' has the same meaning as in section 2909.01 of the Revised Code. . . ." R.C. § 2911.12(C). And that section provides in relevant part that an "occupied structure" includes a "building" or "other structure" which, among other things, "is maintained as a permanent or temporary dwelling[.]" R.C. § 2909.1(C)(1).[7] As for Indiana "'[d]welling' means a building, structure, or other enclosed space, permanent or temporary, movable or fixed, that is a person's home or place of lodging." I.C. §

---

[7] Specifically, the Code provides:

> (C) "Occupied Structure" means any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:
> (1) It is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied and whether or not any person is actually present.
> (2) At the time, it is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present.
> (3) At the time, it is specially adapted for the overnight accommodation of any person, whether or not any person is actually present.
> (4) At the time, any person is present or likely to be present in it.

10

35-31.5-2-107. Not only is there a high degree of likeness between the two elements, but also the definitions of the two are worded nearly identically.

Finally, with respect to element IV Indiana requires that "the building or structure is a dwelling." I.C. § 35-43-2-1(1). And our courts have long held that a dwelling does not lose its status as a person's home or place of lodging simply because no one was staying in the home at the time of the unlawful entry. See Phillips v. State, 514 N.E.2d 1073, 1075 (Ind. 1987) (noting "the present statute does not require the occupier of the residence to be in the home at the time of the burglary"); Burwell v. State, 517 N.E.2d 812, 815 (Ind. Ct. App. 1988) (noting "a structure, once a dwelling, does not lose that character until such time as its inhabiter vacates the premises to the extent it no longer contains [all the accoutrements of a dwelling—furniture, appliances, food and personal items—]usual to the convenience of habitation"). Essentially, our case authority has long deemed burglary as an offense against habitation. Hayden v. State, 19 N.E.3d 831, 837 (Ind. Ct. App. 2014). "This is reflected in the burglary statute itself, which provides for greater penalties the closer the offense comes to endangering another's life or well-being." Id. (citation omitted).

By comparison the State of Ohio takes a different approach. It requires that "any person other than an accomplice of the offender is present or likely to be present[.]" R.C. § 2911.12(A)(2). In State v. Anderson, 975 N.E.2d 556 (Ohio Ct. App. 2012), the court observed:

> It is obvious that the General Assembly, in adopting the definition of 'occupied structure' found in R.C. 2909.01, intended to broaden the concept of the offense of burglary from one of an offense against the security of habitation, to one concerned with the serious risk of harm created by the actual or likely presence of a person in a structure of any nature.

Id. at 559 (alteration and quotation omitted). By requiring the actual or likely presence of a person, this element of the Ohio burglary statute—as a second degree felony—is more stringent than the corresponding element in the Indiana burglary statute. But this fact is not dispositive because the specific characteristic, namely the underlying conduct sought to be regulated, is comparable for both states. In short, the very same conduct violating the Ohio second degree burglary statute—the actual or likely presence of a person—would necessarily violate Indiana's

11

level 4 felony burglary statute as well. Thus, element IV of the Ohio and Indiana statutes are substantially similar within the meaning of the SVF statute.

## Conclusion

A serious violent felon includes a person who has been convicted in another jurisdiction in which the elements of the crime for which the conviction was entered are substantially similar to the elements of a serious violent felony in this jurisdiction. We conclude the elements of Ohio's second degree felony burglary statute are substantially similar to the corollary elements of Indiana's level 4 felony burglary statute. The trial court thus erred in dismissing the informations charging Hancock as a serious violent felon. We therefore reverse the judgment of the trial court.[8]

Rush, C.J., and Massa and Slaughter, JJ., concur.
David, J., dissents with separate opinion.

---

[8] As we have discussed, assessing the "substantial similarity" of two offenses may include case law—from either jurisdiction—interpreting the offenses' elements. But our longstanding presumption that "the trial judge is aware of and knows the law," see, e.g., Dumas v. State, 803 N.E.2d 1113, 1121 (Ind. 2004), does not extend to other jurisdictions' laws—which courts must receive as evidence, through judicial notice. See Ind. Evid. R. 201(b)(6); I.C. § 34-38-4-1. Courts may of course perform their own research, as we have done here. But we are a court of last resort with a limited docket. It is unrealistic to expect our increasingly busy trial courts to undertake such efforts. Rather, courts "may call upon counsel to aid the court in obtaining . . . information" about other jurisdictions' laws. I.C. § 34-38-4-2. And in our adversarial system, the onus of presenting another jurisdiction's law lies properly with the party relying on that law. Nothing in this opinion should be read to suggest otherwise.

**David, J., dissenting.**

While I appreciate Justice Rucker's thoughtful majority opinion, I must respectfully dissent. In my view, the Ohio statute at issue is broader than the Indiana statute in that it employs the language "any criminal offense" as compared to the Indiana statute, which is limited to "a felony or theft." I do not believe that it is merely an "academic possibility" that any variety of underlying misdemeanor offense may suffice to support a burglary in Ohio as the Ohio Supreme Court has stated that: "[g]iven the General Assembly's use of the term 'any' in the phrase 'any criminal offense,' we presume that it intended to encompass 'every' and 'all' criminal offenses recognized by Ohio." State v. Gardner, N.E.2d 995, 1003 (Oh. 2008).

Even though we can reasonably infer that one who forcibly enters a structure is there to commit a theft offense, this may not always be the case. One could break into a home and commit a non-theft misdemeanor in Ohio (e.g., stalking) and be found guilty of burglary; however, this person would not be guilty of burglary under Indiana law. Because Indiana requires a higher showing to constitute a burglary; that is, a felony or theft, I do not believe that the two statutes are substantially similar. Accordingly, I believe we should affirm the trial court.