

**FILED**

Oct 30 2017, 9:58 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Saalik M. Berberena,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 30, 2017<br><br>Court of Appeals Case No.<br>79A02-1705-CR-1137<br><br>Appeal from the Tippecanoe<br>Superior Court<br><br>The Honorable Steven P. Meyer,<br>Judge<br><br>Trial Court Cause No.<br>79D02-1511-F4-13 |

**Najam, Judge.**

## Statement of the Case

[1]     Saalik M. Berberena appeals his conviction, following a jury trial, for unlawful

possession of a firearm by a serious violent felon, a Level 4 felony.  Berberena

raises one issue on appeal, namely, whether the trial court erred when it

determined that an Illinois statute was substantially similar to an Indiana statute for purposes of the serious violent felon charge.

[2] We reverse.

## Facts and Procedural History

[3] On November 18, 2015, Kimberly Held and her son saw Berberena lying in their neighbor's yard. Held rolled down the window of her car and asked if he was okay, but Berberena did not respond. Held's son then got out of the car to check on him, but he still did not respond. Because it was a cold night and Berberena "just had on a hoodie" and because they were concerned for him, Held called 9-1-1. Tr. at 73.

[4] Officers with the Lafayette Police Department responded to the report. Officer Michael Barthelemy arrived and observed Berberena lying in the yard. Officer Barthelemy believed that Berberena was unconscious. When Officer Barthelemy approached Berberena, he noticed a handgun sticking out of Berberena's waistband. After he had removed it, Officer Barthelemy identified the firearm as a black and silver Smith and Wesson semi-automatic pistol, which had been loaded with sixteen bullets. Officer Barthelemy secured the gun, and other officers on the scene placed Berberena in handcuffs. The officers conducted a portable breath test, which indicated that Berberena had consumed alcohol.

[5] On November 20, the State charged Berberena with one count of unlawful possession of a firearm by a serious violent felon, a Level 4 felony; one count of

carrying a handgun while having a prior felony conviction, as a Level 5 felony; one count of carrying a handgun without being licensed, as a Class A misdemeanor; and one count of public intoxication, a Class B misdemeanor. The trial court held a bifurcated trial on May 24, 2016. During the first phase of the trial, Berberena moved for a directed verdict on the public intoxication charge, which the trial court granted. At the close of the first phase of the trial, the jury found Berberena guilty of carrying a handgun without being licensed. The trial court entered judgment of conviction accordingly and proceeded to the second phase of the trial the same day.

[6] Prior to the start of the second phase of the trial, the State argued that Berberena had a prior conviction in Illinois for aggravated battery and that the language in Illinois' aggravated battery statute was substantially similar to Indiana's aggravated battery statute, and the State sought to use that prior conviction as a basis for classifying Berberena as a serious violent felon for the charge of unlawful possession of a firearm by a serious violent felon. Berberena contended that "there is some difference between the two" statutes and that the statutes are not substantially similar. Tr. at 125. The trial court concluded that the Illinois statute and the Indiana statute "are substantially similar in terms of the definition of aggravated battery for purposes of proceeding here today." *Id.* at 126.

[7] During the second phase of the trial, the State introduced evidence of Berberena's prior conviction for aggravated battery in Illinois. The jury found Berberena guilty of unlawful possession of a firearm by a serious violent felon

and carrying a handgun while having a prior felony conviction. The trial court entered judgment of conviction accordingly. On June 17, 2016, the trial court sentenced Berberena to an executed sentence of ten years in the Indiana Department of Correction for the conviction of unlawful possession of a firearm by a serious violent felon.[1] This appeal ensued.

## Discussion and Decision

[8] Berberena contends that the trial court erred when it concluded that his prior conviction in Illinois for the offense of aggravated battery qualified him as a serious violent felon in Indiana. In order to convict Berberena of unlawful possession of a firearm by a serious violent felon, the State needed to prove that Berberena had been convicted of a serious violent felony in Indiana or in "any other jurisdiction in which the elements of the crime for which the conviction was entered are substantially similar to the elements of a serious violent felony" in Indiana. Ind. Code § 35-47-4-5(a)(1) (2015). The statute lists several offenses that qualify as serious violent felonies, including our own version of aggravated battery. I.C. § 35-47-4-5(b)(6); *see also* I.C. § 35-42-2-1.5 (aggravated battery).

---

[1] In its sentencing order, the trial court merged the charge of carrying a handgun without a license into the charge of carrying a handgun while having a prior felony conviction. The trial court declined to enter judgment of conviction for the charge of carrying a handgun without a license and vacated the judgment of conviction entered at the close of the first phase of the trial. The trial court entered judgment of conviction for carrying a handgun while having a prior felony conviction and sentenced Berberena to an executed sentence of five years in the Indiana Department of Correction, to run concurrent with the ten-year sentence. However, Berberena does not appeal the convictions for those charges or the sentences imposed on them.

The trial court concluded that the Illinois statute for aggravated battery was substantially similar to the Indiana statute for aggravated battery.

[9] Berberena contends that the Illinois aggravated battery statute, 720 Illinois Compiled Statutes 5/12-4(a) (West 2010), is not substantially similar to Indiana's aggravated battery statute, Indiana Code Section 35-42-2-1.5.[2] Berberena's argument on appeal requires us to interpret and apply Illinois law. "Our standard of review for questions of foreign law is *de novo*." *Hollingsworth v. State*, 907 N.E.2d 1026, 1030 (Ind. Ct. App. 2009).

[10] "[T]he elements of two statutes are 'substantially similar' if they have common core characteristics that are largely, but not identically, alike in degree or extent." *State v. Hancock*, 65 N.E.3d 585, 587 (Ind. 2016). In evaluating those common core characteristics, "elements may be considered substantially similar with respect to specific characteristics such as the underlying conduct sought to be regulated." *Id.* However, "an out-of-state statute is not substantially similar to an Indiana statute where the out-of-state statute is broader than the Indiana statute." *Id.* at 589. That is, when an out-of-state statute captures more conduct than the Indiana statute at issue, we cannot say that the two statutes are substantially similar. It is a fundamental principle that "people have a right

---

[2] To address Berberena's argument on appeal, we compare the Illinois statute under which Berberena was convicted as it was written at the time of his Illinois offense with the Indiana statute as it was written at the time of his subsequent Indiana offenses. *State v. Atkins*, 824 N.E.2d 676, 678 (Ind. 2005).

to fair warning of the criminal penalties that may result from their conduct."
*Tyson v. State*, 51 N.E.3d 88, 92 (Ind. 2016).

[11]  Illinois' statute on aggravated battery at the time of Berberena's Illinois offense provided that "[a] person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery."  720 Ill. Comp. Stat. Ann. 5/12-4(a) (West 2010). Aggravated battery in Indiana at the time of Berberena's Indiana offenses was defined as:

> A person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death or causes:
>
> > (1) serious permanent disfigurement;
> >
> > (2) protracted loss or impairment of the function of a bodily member or organ; or
> >
> > (3) the loss of a fetus;
>
> commits aggravated battery, a Level 3 felony.  However, the offense is a Level 1 felony if it results in the death of a child less than fourteen (14) years of age and is committed by a person at least eighteen (18) years of age.

I.C. § 35-42-2-1.5.

[12]  The Illinois and Indiana statutes have two elements that are substantially similar.  A person can be convicted of aggravated battery in Illinois if the person

causes "permanent disability or disfigurement" while a person can be convicted of aggravated battery in Indiana if the person causes "serious permanent disfigurement" or "protracted loss of impairment of the function of a bodily member or organ." However, Berberena asserts that the element of "great bodily harm" in Illinois' statute is not substantially similar to the "substantial risk of death" element in Indiana's statute because the harm that can be shown to support the Illinois statute is broader than the harm that can be shown to support Indiana's statute.

[13] In particular, Berberena asserts that the Illinois element of "great bodily harm" includes any harm that is greater than "bodily harm," the latter of which is defined in Illinois as including "temporary or permanent lacerations, bruises, or abrasions." *People v. Doran*, 628 N.E.2d 260, 264 (Ill. Ct. App. 1993). As such, Berberena continues, aggravated battery under the Illinois statute could be shown by a battery that results only in "moderate bodily injury" in Indiana, which is defined in Indiana as "any impairment of physical condition that includes substantial pain." I.C. § 35-31.5-2-204.5. Battery that results in moderate bodily injury is not a serious violent felony under Indiana Code Section 35-47-4-5(b)(4).

[14] The legislature in Illinois has defined two levels of battery. The first level is battery, which is defined as causing bodily harm to an individual or making physical contact of an insulting or provoking nature. 720 Ill. Comp. Stat. Ann. 5/12-3 (West 2010). The second level is aggravated battery, which requires the heightened level of harm described as "great bodily harm, or permanent

disability or disfigurement." 720 Ill. Comp. Stat. Ann. 5/12-4(a) (West 2010). As Berberena recognizes, "great bodily harm," as used in the Illinois aggravated battery statute, is any harm that is a "more serious or grave injury than 'bodily harm[.]'" *Doran*, 628 N.E.2d at 263. Thus, in order to be convicted of aggravated battery in Illinois, a defendant must have committed a battery that resulted in any harm that was more serious or grave than the "bodily harm" required by simple battery.

[15] Unlike in Illinois, which only has two levels of battery, Indiana law has a nuanced approach to bodily injury and multiple levels of battery offenses that reflect that nuance. For example, a person commits battery, as a Class A misdemeanor, if the battery results in bodily injury, that is, any impairment of physical condition, including physical pain. I.C. § 35-42-2-1(c); *see also* I.C. § 35-31.5-2-29. However, battery is a Level 6 felony in Indiana if it results in moderate bodily injury. I.C. § 35-42-2-1(d)(1). Further, battery that results in "serious bodily injury," which is any bodily injury that creates a substantial risk of death or that causes serious permanent disfigurement, unconsciousness, extreme pain, permanent or protracted loss or impairment of the function of a bodily member or organ, or loss of a fetus, can be a Level 3, 4, or 5 felony. *See* I.C. § 35-42-2-1(f)(1), (h), and (i);[3] *see also* I.C. § 35-31.5-2-292. And a person commits aggravated battery in Indiana, a Level 3 felony, if the battery results in

---

[3] A conviction under any of those subsections would be considered a serious violent felony under Indiana Code Section 35-47-4-5(b)(4).

an injury that specifically, and narrowly, creates a substantial risk of death or causes serious permanent disfigurement, protracted loss or impairment of the function of a bodily member or organ, or the loss of a fetus. I.C. § 35-42-2-1.5.

[16] In Illinois, it is possible to be convicted of aggravated battery whenever the battery results in any harm greater than "bodily harm." However, in Indiana, a battery that results in harm greater than "bodily injury" could be any number of offenses ranging from Level 1 felonies to Level 6 felonies, not all of which qualify as serious violent felonies under Indiana Code Section 35-47-4-5(b). For example, an Indiana battery that results in "moderate bodily injury" as a Level 6 felony would be premised on harm greater than "bodily injury" and would not qualify as a serious violent felony. In Illinois, a battery that results in that same degree of harm would satisfy the "great bodily injury" requirement for Illinois's offense of aggravated battery.

[17] A person convicted in Indiana of aggravated battery, which requires the highest level of harm, would be convicted in Illinois of aggravated battery under the same set of facts because a person only needs to cause harm that is more than bodily harm. However, the converse is not true. It is possible for a person to be convicted in Illinois of aggravated battery for certain conduct but not be convicted in Indiana of aggravated battery for the same conduct because the harm, while greater than "bodily harm," did not rise to the heightened level of harm required by Indiana's aggravated battery statute. As such, the Illinois aggravated battery statute is broader and more inclusive than Indiana's aggravated battery statute. Because the Illinois statute is broader than the

Indiana statute, following our Supreme Court's analysis in *Hancock,* the two statutes are not substantially similar for purposes of Indiana Code Section 35-47-4-5. 65 N.E.3d at 589.

[18] In sum, we conclude that the Illinois aggravated battery statute under which Berberena was convicted is broader than Indiana's aggravated battery statute. The two statutes have significantly different thresholds for establishing the harm required to demonstrate an offense. Thus, the two statutes are not substantially similar under Indiana Code Section 35-47-4-5, and we must reverse Berberena's conviction for unlawful possession of a firearm by a serious violent felon.

[19] Reversed.

Kirsch, J., and Brown, J., concur.