## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 04 2018, 10:19 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher Carter, *Appellant-Defendant,* | October 4, 2018 |
| v. | Court of Appeals Case No. 18A-CR-765 |
| | Appeal from the Howard Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable William C. Menges, Judge |
| | Trial Court Cause No. 34D01-1610-F3-1072 |

**Baker, Judge.**

[1] Christopher Carter appeals his conviction for Level 4 Felony Unlawful Possession of a Firearm by a Serious Violent Felon,[1] arguing that the evidence was insufficient. He also appeals the denial of his motion for a directed verdict on another charge. We find that the evidence is sufficient and that the denial of the motion for a directed verdict is not yet ripe for appeal. Therefore, we affirm and remand for further proceedings.

## Facts

[2] On October 14, 2016, the State charged Carter with Level 3 felony conspiracy to commit dealing in a narcotic drug, Level 3 felony conspiracy to commit dealing in cocaine, Level 4 felony unlawful possession of a firearm by a serious violent felon, Level 6 felony possession of a narcotic drug, Level 6 felony maintaining a common nuisance, and Class B misdemeanor possession of marijuana.

[3] Carter's jury trial began on January 26, 2018. Following the State's presentation of evidence, Carter moved for a directed verdict on the two Level 3 felonies and the possession of a narcotic drug charge; the trial court denied the motion. The jury found Carter guilty of unlawful possession of a firearm by a serious violent felon, maintaining a common nuisance, and possession of marijuana. The jurors were unable to reach a unanimous verdict on the other three charges. On March 2, 2018, the trial court sentenced Carter to an

---

[1] Ind. Code § 35-47-4-5.

aggregate term of fourteen years imprisonment and set the remaining unresolved counts for a new jury trial. Carter now appeals.

# Discussion and Decision

## I. Sufficiency

Carter first argues that the evidence does not support his conviction for Level 4 felony unlawful possession of a firearm by a serious violent felon. To convict Carter of this crime, the State had to prove beyond a reasonable doubt that he is a serious violent felon who knowingly or intentionally possessed a firearm. I.C. § 35-47-4-5(c). A serious violent felon is a person who has been convicted of a serious violent felony in Indiana "or any other jurisdiction in which the elements of the crime for which the conviction was entered are substantially similar to the elements of a serious violent felony[.]" I.C. § 35-47-4-5(a)(1). A serious violent felony includes, in relevant part, "dealing in or manufacturing cocaine or a narcotic drug (IC 35-48-4-1)" and "dealing in a schedule I, II, or III controlled substance (IC 35-48-4-2)[.]" I.C. §§ 35-47-4-5(b)(24), -5(b)(26).

Carter's sole challenge to the sufficiency of the evidence is that the State did not prove that he is a serious violent felon. Specifically, he argues that the State failed to present evidence to show that his prior out-of-state conviction, which forms the basis of his alleged status as a serious violent felon, had elements substantially similar to an Indiana serious violent felony.

This issue, however, is a question of law for the trial court to determine rather than an issue of fact for the jury to consider. *E.g.*, Ind. Code § 34-38-4-3

(providing that the determination of foreign law is a question for the court); *see also, e.g.*, *Hollingsworth v. State*, 907 N.E.2d 1026, 1030 (Ind. Ct. App. 2001) (holding that whether a prior Arkansas conviction was substantially similar to an Indiana serious violent felony was a matter of law to be determined by the trial court rather than the jury). In other words, the jury in this case need only have determined whether Carter was, indeed, convicted of the prior out-of-state felony, which he has not challenged.

[7] Carter did not argue to the trial court, nor does he argue on appeal, that the elements of his out-of-state offense are not substantially similar to that of a serious violent felony in Indiana. Consequently, he has waived this argument. Waiver notwithstanding, we note briefly that the prior conviction on which Carter's status as a serious violent felon is based is a Wisconsin conviction for felony possession of cocaine with intent to manufacture, distribute, or deliver. Wis. Stat. §§ 961.41(1), 961.41(1)(cm). The elements of that statute are nearly identical to Indiana's dealing in cocaine and dealing in controlled substances statutes. If anything, Indiana's statutes are broader, meaning that there is no conduct that the Wisconsin statute would capture that the Indiana statute would not.

[8] The better practice would have been for the prosecutor in this case to have presented the Wisconsin statute to the trial court so that the trial court could have made an explicit determination that the elements are substantially similar to the relevant Indiana statutes. Had the prosecutor's failure to address the issue been brought to the trial court's attention by Carter's counsel, the trial

court could have made such a ruling. But the failure to raise the issue by either the State or Carter does not require a reversal, as it is an issue of law that would have been decided in the State's favor had it been raised. Consequently, we decline to reverse on this basis.

## II.  Directed Verdict

Carter also argues that the trial court should have granted his motion for a directed verdict on the possession of a narcotic drug charge. Our Supreme Court has held that when there was a denial of a motion for a directed verdict on a charge on which the jury ultimately deadlocked, the denial is not final because it allows for and contemplates a retrial on the unresolved charges. *Conn v. State*, 535 N.E.2d 1176, 1179-80 (Ind. 1989). Here, the jury was unable to reach a verdict on the possession of a narcotic drug charge. Therefore, the trial court's earlier denial of Carter's motion for a directed verdict on that charge is not final and appealable. We affirm and remand for further proceedings.

The judgment of the trial court is affirmed and remanded for further proceedings.

May, J., and Robb, J., concur.